**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Quing N. WONG and Josiah M. Scott, etc., Defendants.**

**Civ. No. 375-65.**

United States District Court,
D. Puerto Rico.

Jan. 31, 1974.

Walter P. North, Associate Gen. Counsel, Securities and Exchange Commission, Washington, D. C., for plaintiff.

A. J. Amadeo-Murga, Nilda Cordero De Gomez, San Juan, P. R., for defendants.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

Dated October 24, 1973, Tomás R. Gómez, Jr., petitioned this Court to be relieved of an undertaking by which he agreed with plaintiff, Securities and Exchange Commission, not to serve or act in the capacity of an officer, director, employee affiliated person, or member of an advisory board of any of the following: Puerto Rico Capital Corporation, any registered broker-dealer, any registered investment company, any registered investment adviser, any depositor of any registered investment company, or any principal underwriter for any registered open-end investment company or any registered unit investment trust or any registered face amount certificate company.

The undertaking of Tomás R. Gómez, Jr. was signed November 30, 1967, and was approved by this Court by Order dated April 25, 1968.

Plaintiff, Securities and Exchange Commission, filed an opposition to said petition and the Court set the matter for oral hearing. Both parties appeared and

the Court received testimony and the oral argument of counsel. The Court has been fully apprised of the legal questions involved through the memorandum and oral arguments submitted by the parties and is now duly advised on the premises.

The petition of Tomás R. Gómez, Jr., in favor that he be relieved from his undertaking is predicated on the fact that a considerable period of time has elapsed since the filing of the undertaking and the date of this petition, during which period petitioner has been totally unrelated to any matter of business relations involving companies regulated by plaintiff, Securities and Exchange Commission, or activities mentioned in the undertaking, and that petitioner does not intend at the present time or in the future to return to this area of business transactions. He further argues that the context in which the undertaking was made has totally disappeared and that Puerto Rico Capital, the corporation to which he specifically assumed not to be involved with, is no longer doing business in the Commonwealth of Puerto Rico, and that he is in no manner related to said corporation, and that the continued existence of the undertaking is causing adverse psychological effects on him.

From the evidence presented, it appears that since 1967 Mr. Tomás R. Gómez, Jr., has been devoted solely to pursue his interest in two corporations in which he is a shareholder, as official of Jabones Finos, Inc., and Grasas Industriales y Porteínas, Inc. It was the testimony of Mr. Gómez that the existence of the undertaking has been hindering him in his psychological disposition in relation to his present business affair and that he considers himself at a disadvantage when involved in conversations dealing with business relations. Mr. Gómez has shied away from personal contacts to avoid possible references to the existence of this undertaking in any business relation or negotiations.

The opposition of the plaintiff is not based on any lack of jurisdiction on the part of this Court or that this Court does not have discretion to relieve Mr. Gómez of said undertaking. On the contrary, it was the position of the plaintiff at the oral hearing that should this petition have been filed in 1977, the plaintiff would have made no opposition.

The Court considers that the matter is to be decided on the particular facts before the Court, guided by equitable principles and considerations. Tobin v. Alma Mills, 192 F.2d 133 (4 Cir., 1951).

It appears from the record that in relation to one of the codefendants, Josiah M. Scott, a consent injunction was entered in 1969 in which this defendant agreed not to serve in a similar capacity until 1977, or a time limit of eight years. It appears also that in addition to said consent injunction, codefendant Scott agreed to pay to Puerto Rico Capital Corporation the amount of $150,000. From the record, it also appears that codefendant and petitioner, Tomás R. Gómez, Jr., was reimbursed of his legal expenses, paid his accrued vacations, and was guaranteed against possible future lawsuits expenses up to the amount of $10,000. The settlement agreement with Mr. Gómez did not involve any money payment by him.

The Court, after giving due consideration to the matter, is of the opinion that it should exercise its discretion in favor of releasing Mr. Gómez of the undertaking.

In exercising its discretion, the Court is moved by the fact that Mr. Gómez has complied with the undertaking since November 30, 1967, for more than six years, and that he does not intend to engage in the area of securities business. The Court is further moved by its conclusion, reached from the testimony of Mr. Gómez, that the continued existence of the undertaking affects the development of his business affairs in which he is presently engaged and greatly affects his psychological well-being.

The Court is not inclined to believe that the petition of Mr. Gómez is premature and that he should be bound by his undertaking at least until 1977.

648

The Court, on the particular facts of this case, does not see any harm to be suffered neither by the plaintiff nor by the investing public in releasing petitioner from his undertaking.

Guided by equitable considerations and the principles similar to the ones who govern dissolution of injunctions, the Court concludes that more than six years of obedience to the undertaking is a reasonable limit to its terms and that there are no convincing reasons to extend the terms of the undertaking further. Tobin v. Alma Mills, 192 F.2d 133 (4 Cir., 1951), cert. denied, 343 U.S. 933, 72 S.Ct. 769, 96 L.Ed. 1342.

Therefore, the petition of Tomás R. Gómez, Jr., to be released of his undertaking dated November 30, 1967, is hereby granted, and he should be released from such undertaking.

It is so ordered.